**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-02666-001-TUC-RM (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| Daniel Escalante, | |
| Defendant. | |

The defendant, Daniel Escalante, is charged in a nine (9) count indictment with aggravated sexual abuse, kidnapping, brandishing a firearm in furtherance of a crime of violence, assault resulting in serious bodily injury and prohibited possession of a firearm, with counts 1-3 and 5-8 being committed within Indian Country. On April 16, 2019, Defendant Escalante filed a motion to permit independent DNA testing on a knife the government recovered a day after the incident in question. (Doc. 18). On April 26, 2019, the government filed a response explaining that DPS contacted the government to explain that in testing for DNA on the knife the laboratory would consume the sample. In other words, the testing will destroy the evidence so only one test can be conducted. The government moved the Court to deny the motion.

On May 20, 2019 the parties notified the Court that they had reached an agreement. As such, the Court found the motion moot. (Doc. 30). Thereafter the government requested a status conference due to a change in circumstances. (Doc. 31) On June 25, 2019, the status conference was conducted. (Doc. 34) During the status conference the government

advised the Court that four additional pieces of evidence require DNA testing. Both parties agreed that testing the knife for DNA is critical to the case but the defense is not interested in testing the other items. Previously, defense counsel had agreed that the Federal Public Defender (FPD) would pay for an independent laboratory to test the knife, however the cost for testing the additional four items was cost prohibitive and the FPD refused to approve that funding. The government advised that the DPS laboratory had already initiated testing some of the other evidence, and it would only agree to continue the testing if it tests all the evidence, including the knife. Various potential solutions were discussed including allowing an independent DNA expert to observe the testing process at the DPS laboratory or memorializing the testing process through photos or video. The government agreed to explore those options.

The Court set a status conference for July 17, 2019. The defendant filed a supplement to the motion to permit independent DNA testing. (Doc. 36) The pleading directed the Court to *U.S. v. Gardner*, Case No. 4:14-CR-61-H, 2015 WL 1951809 (E.D. N.C., April 29, 2015) In that case the court ordered the government to permit a defense expert to attend the testing procedures because the DNA sample would be consumed by the testing and this solution offered the best opportunity for the defendant to present a complete defense. The court referenced the ABA Standards for Criminal Justice, DNA Evidence Section 16-3.4, which recommends that "the court should consider ordering procedures that would permit an independent evaluation of the analysis, including but not limited to the presence of an expert for the moving party[,]…[or] videotaping or photographing the preparation and testing." *Gardner*, 2015 WL 1951809 at *3.

At the status conference the government explained that neither the DPS laboratory nor the FBI laboratory would agree to an independent observer, or any video or photographic memorialization, or allowing an independent lab to test the knife while the government continued to test the other four items. The explanation for that position was reliance on the laboratories' policies and procedures manual. No scientific explanation was offered for the refusal. The defendant made it clear that he was only interested in testing the knife, had no interest in testing the other items and could not secure funding for the

additional testing in any event.

Based on the pleadings, the arguments and the information proffered during the hearings, the Court finds that the interest of justice is served by preserving the defendant's ability to present a complete defense and therefore,

IT IS HEREBY ORDERED that the government is to release the knife to the agreed upon independent laboratory for DNA testing at the expense of the Federal Defender's Office. If the government requests an independent observer be present, that request is granted. The government is free to continue testing for DNA on the remaining four items at any certified/licensed laboratory of its choosing.

SO ORDERED this 31st day of July, 2019.

_Leslie A. Bowman_
Honorable Leslie A. Bowman
United States Magistrate Judge